**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARCUS R. HAMMOND, SR.,
individually and on behalf of others
similarly situated,

     Plaintiff,

v.

CITY OF JUNCTION CITY, KANSAS;
ROD BARNES; FRED HEPLER; MIKE
RHODES; MICK WUNDER; KAY
BLANKEN; BILL LEVINSON;
RICHARD PINAIRE; GUY HOWELL;
HARRY FREWERD; MIKE FRASER;
RAY IBARRA; CURTIS VAN
NAHMEN; LLOYD PARKER; KEVIN
CONNELL,

    Defendants-Appellees,

ANDERSON & ASSOCIATES, L.L.C.;
AL E. HOPE, SR.,

    Appellants.

---

NATIONAL EMPLOYMENT LAWYERS
ASSOCIATION,

    Amicus Curiae.

No. 02-3068
(D.C. No. 00-CV-2146-JWL)
(Kansas)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the

Before **TACHA**, Chief Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

In a six count complaint, Marcus R. Hammond, Sr., individually and on behalf of others similarly situated, brought the present action in the United States District Court for the District of Kansas against the City of Junction City, Kansas ("City") and 14 of its officials based on 42 U.S.C. §1981, 42 U.S.C. §2000(e), 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986, and K.S.A. 44-1009. In that complaint, Hammond alleged that he, and others, all African-American employees of the City, were "subjected to class-wide discrimination in the terms and conditions of employment" by the City. The action was filed for Hammond by his counsel, identified at the end of the complaint as "Anderson & Associates, L.L.C." The defendants later filed an answer to that complaint. After many intervening motions filed by both the plaintiff and the defendants, the defendants filed a motion for a protective order with a memorandum in support thereof.

In that motion, the defendants asked the court to enter a protective order requiring Hammond's counsel of record "to immediately cease and desist their *ex parte* contact of City of Junction City, Kansas managerial personnel regarding this case . . . ." This was a very detailed motion. The motion identified, *inter alia,* one "Al Hope, Director of Human

citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3

Relations, City of Junction City, Kansas," as one of its officials who had been contacted by Hammond's attorneys. The motion was based on "The Code of Professional Responsibility and the Model Rules of Professional Conduct as adopted by the Supreme Court of Kansas." Rule 4.2, thereof, "prohibits a lawyer from communicating 'about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.'" *Holdren v. General Motors Corp.*, 13 F.Supp. 2d 1192, 1193-4 (D. Kan. 1998). In that same motion, the City asked, *inter alia,* that the district court "remov[e] counsel from any further involvement with the litigation" and that sanctions be imposed. Hammond's counsel filed a response to that matter.

The City's motion for a protective order, disqualification and sanctions was initially considered by a magistrate judge. That judge, after a hearing, held that the *ex parte* communications of Hammond's counsel with City officials violated the Kansas Rules of Professional Conduct and that the violations warranted disqualification of Hammond's attorneys from the case, and an award of attorney's fees and costs. *See Hammond v. City of Junction City, Kansas,* 167 F.Supp. 2d 1271 (D. Kan. 2001). In a detailed opinion, which need not be here summarized, the magistrate judge disqualified counsel from further representing Hammond or others, including any class member, "in this case," and also granted defendant's further request for sanctions and ordered defendant's attorneys to file within 10 days, "a detailed affidavit outlining the reasonable

expenses and attorney fees Defendants have incurred in obtaining this Order. . . ." As concerns "disqualification," the magistrate's order read as follows:

> It is further ordered that Glenn B. Brown, Denise M. Anderson, and the firm of Anderson and Associates, LLC, are hereby disqualified from representing Plaintiff Marcus Hammond, Sr., or any other individual (including any class members) *in this case.* Glenn B. Brown, Denise M. Anderson, and the law firm of Anderson & Associates, LLC, shall also be prohibited from representing any class of individuals in any other action based on the class allegations asserted in this case.

After a subsequent hearing, the magistrate denied counsel's request that the magistrate reconsider its disqualification order. At the same time, the magistrate stayed its disqualification order, and deferred any ruling on whether sanctions should be imposed until such time as the district court ruled on counsel's objections to the magistrate's order. *Id.*

After hearing, pursuant to Fed. R. Civ. P. 72(a), the district court denied counsel's objections to the disqualification order of the magistrate judge. *Hammond v. City of Junction City, Kansas*, No. 00-2146, 2002 WL 169370 (D.Kan., Jan. 23, 2002). Still later, the magistrate awarded the City $5000 as payment for costs incurred by the City in order to "deter unethical conduct." *Hammond v. City of Junction City, Kansas,* No. Civ. A. 00-2146, 2002 WL 485640 (D. Kan. Mar. 29, 2002).

The district court entered its memorandum and order denying the motion for the reconsideration of the magistrate judge's orders on January 23, 2002. Thereafter, Anderson & Associates filed a notice of appeal in the district court. That notice of appeal

was captioned "Marcus R. Hammond, Sr., individually and on behalf of others similarly situated, plaintiffs, v. City of Junction City, Kansas, et al, defendants." The body of that notice indicated that Hammond, Anderson & Associates, LLC, and Al E. Hope, Sr., were appealing the disqualification orders, and matters incidental thereto, entered by the magistrate judge and the district court. A few days later, on February 25, 2002, an amended notice of appeal was filed by one David Hauber for Anderson & Associates, LLC. The amended notice carried the same caption as the original notice. However, in the body of the amended notice the following appeared: "Notice is hereby given that Anderson & Associates, LLC, counsel for plaintiff Marcus R. Hammond, and Al E. Hope, Sr., an interested party in the above-named case, hereby appeal to the United States Court of Appeals for the Tenth Circuit from the Memorandum and Orders entered and relating to the disqualification and sanctioning of counsel," entered by both the magistrate judge and district court.

On March 21, 2002, this court, *sua sponte,* entered an order tolling the filing of briefs on the merits of the appeal and ordering the parties to file simultaneous briefs within 21 days addressing the question of "whether the order being appealed is immediately appealable?", citing *Richardson-Merrell, Inc. v. Koller,* 472 U.S. 424 (1985). Those briefs were duly filed. On July 11, 2002, this court entered a further order reserving judgment "on the issue of appellate jurisdiction" and referring the issue to the panel that eventually would hear the appeal on the merits. Thereafter, the parties filed

briefs on the merits of the matters sought to be raised. The case was orally argued before this panel on May 6, 2003. We now dismiss this appeal for lack of jurisdiction.

Hammond's action based on discrimination by the City has not yet been tried. Indeed, the district court has not yet certified any class that Hammond represents. Thus, there is no contention here, as we understand it, that the present appeal is based on 28 U.S.C. § 1291, which gives a circuit court jurisdiction to hear "all final decisions" of the district courts of the United States. Admittedly, the disqualification order of the magistrate judge in the instant case, which the district court later declined to change, is not a "final decision" on the merits. However, a "small class" of so-called "collateral orders" of a district court which "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated," were held to be "immediately appealable." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (1949).[1]

So, whether we presently have appellate jurisdiction to now review the disqualification order entered in the instant case turns on whether the present case is controlled by *Cohen,* or, on the contrary, the present case comes under the general rule

---

[1]At issue in *Cohen* was the validity of a state statute requiring that in a stockholder's derivative action in which the stockholder owned less than 5% of the value of all outstanding shares and had a market value of less than $50,000.00, the stockholder was required to give security for reasonable expenses, including counsel fees which the defendant corporation may incur.

that our appellate jurisdiction is only from "final judgments" of a district court.  We

believe that question is resolved by *Richardson-Merrell, Inc. v. Koller,* 472 U.S. 424

(1985).

In *Richardson-Merrell, supra,* the Supreme Court, with Stevens, J., dissenting,

spoke as follows:

> We hold that orders disqualifying counsel in civil
> cases, like orders disqualifying counsel in criminal cases and
> orders denying a motion to disqualify in civil cases, are not
> collateral orders subject to appeal as "final judgments" within
> the meaning of 28 U.S.C. §1291.

*Id.* at 441.

Counsel recognizes the general rule that a disqualification order in a civil case, as

well as in a criminal case, is not a so-called "collateral order" and is, therefore, not

appealable until after a judgment on the merits which finally disposes of all issues.  The

contention of counsel is, as we understand it, that the disqualification order in the instant

case is "too broad" and is therefore immediately appealable.  We are unwilling to create

such an exception to the rule of *Richardson-Merrell* that disqualification orders in a civil

case are not immediately appealable.

Counsel also suggests that the present appeal is, in effect, an appeal from an

injunction, which under 28 U.S.C. § 1292(a)(1) is immediately appealable.  We do not

believe that the disqualification order in the instant case is an "injunction," as that word is

used is 28 U.S.C. § 1292(a)(1).  If, as counsel suggests, this be an injunction, then the

disqualification order in *Richardson-Merrell* was also an injunction. And *Richardson-Merrell* holds rather clearly and unequivocally that a disqualification order is not immediately appealable, and may only be appealed, and reviewed, after trial on the merits. In *Weeks v. Independent School Dist. No. I-89 of Oklahoma County, OK, Bd. of Educ.*, 230 F.3d 1201, 1207 (10th Cir. 2000), *cert. denied*, 532 U.S. 1020 (2001), we held that a disqualified attorney in a civil case has standing to appeal, after trial, the disqualification order.

Appeal dismissed.[2]

Entered for the Court

Robert H. McWilliams
Senior Circuit Judge

---

[2]The City suggests that it be awarded attorney's fees and costs incurred in this appeal. If such be deemed a request, it is denied.